This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Ralph Howell, appeals the decision of the Summit County Court of Common Pleas, which granted summary judgment to the appellees. We reverse and remand the cause for further proceedings.
 I.
{¶ 2} On March 3, 2000, the appellant filed a complaint against his employer, Summit County Department of Human Services, and various individuals who had been his supervisors during the time of the events at issue. The complaint alleged discrimination based upon race, sex, and age, in violation of Ohio R.C. 4112.02 and 4112.99, retaliation, in violation of Ohio R.C. 4112.02 and 4112.99, and negligent and/or intentional infliction of emotion distress and an "intentional, malicious intent" (sic) to inflict harm. Specifically, the appellant asserted that he was paid significantly less than white males, or white or black females, due to his race, sex and age. The appellant also claimed that when he complained about his lower salary, he became the target of retaliation in the form of a demotion, and that he has suffered emotional distress and harm as a result of the appellees' actions. The appellant voluntarily dismissed the charge of age discrimination.
{¶ 3} On March 27, 2001, the appellees filed a motion for summary judgment pursuant to Civ.R. 56(C). On January 7, 2002, the trial court granted summary judgment to the appellees on all claims based upon "the Motion, memorandum in support, opposition, reply, exhibits, pleadings, and applicable law." This appeal followed.
{¶ 4} The appellant raises three assignments of error. The first two assignments of error are related, so we will address them together for ease of discussion.
 II. Assignment of Error Number One {¶ 5} "THE TRIAL COURT ERRED IN UTILIZING AN INCORRECT STANDARD AND IS IN EFFECT CHANGING THE STANDARD BY GRANTING SUMMARY JUDGMENT ON DEFENDANTS' BEHALF."
 Assignment of Error Number Two {¶ 6} "THE TRIAL COURT DID NOT FAIRLY ASSESS OR REPORT THE EVIDENCE PRESENTED BY PLAINTIFF."
{¶ 7} In the first assignment of error, the appellant asserts that the trial court did not apply the complete law pertaining to a discrimination claim, having neglected to consider if there were others in the appellant's workplace who were similarly-situated and treated more favorably. In the second assignment of error, the appellant further asserts that the evidence presented to prove that similarly-situated persons were treated more favorably also supports his retaliation claim in that no other persons in comparable supervisory positions were demoted or lost status. The appellant states that therefore the evidence is sufficient to preclude summary judgment in favor of the appellees on both counts.
{¶ 8} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
{¶ 9} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 {¶ 10} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
{¶ 11} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. "[A] party seeking summary judgment always bears the initial responsibility of informing the * * * court of the basis for its motion, and identifying those portions of `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 288, quoting Celotex Corp. v. Catrett (1986), 477 U.S. 317, 323,91 L.Ed.2d 265.
{¶ 12} The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Dresher,75 Ohio St.3d at 288. "Mere reliance upon the pleadings is insufficient."Carr v. Nemer (Dec. 16, 1992), 9th Dist. No. 15575, at 2. "Where the defendant demonstrates that after a reasonable period of discovery the plaintiff is unable to produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his or her case, summary judgment should be granted." Mitchell v. Toledo Hosp.
(C.A. 6, 1992), 964 F.2d 577, 582.
{¶ 13} R.C. 4112.02 prohibits an employer "because of the race, * * * [or] sex * * * of any person * * * to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." For a violation of the above, R.C. 4112.99 provides a remedy of "damages, injunctive relief, or any other appropriate relief."
{¶ 14} "[F]ederal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000(e) et seq., Title 42, U.S. Code, is generally applicable to cases involving alleged violations of R.C. Chapter 4112." Plumbers Steamfitters Joint Apprenticeship Commt.v. Ohio Civil Rights Comm. (1981), 66 Ohio St.2d 192, 196. "Thus, `reliable, probative, and substantial evidence' in an employment discrimination case brought pursuant to R.C. Chapter 4112 means evidence sufficient to support a finding of discrimination under Title VII." Id.
{¶ 15} To establish a prima facie case of discrimination, a plaintiff must show (1) membership in a protected class; (2) qualification for the position; (3) an adverse employment action; and (4) replacement by a non-protected person. McDonnell Douglas Corp. v. Green (1973),411 U.S. 792, 802, 36 L.Ed.2d 668. "A plaintiff can also make out a prima facie case by showing, in addition to the first three elements, that a comparable non-protected person was treated better." Mitchell,964 F.2d at 582. When using the comparable non-protected person was treated better element, a plaintiff must produce evidence which at a minimum establishes (1) that he was a member of a protected class and (2) that for the same or similar conduct he was treated differently than similarly-situated non-minority employees. Id. at 582-583. The parties to be compared must be similarly-situated in all respects, that is they "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Id. at 583. Thus, discrimination can be shown either by replacement by a non-protected person or by favorable treatment to comparable persons similarly-situated.
{¶ 16} In their motion for summary judgment, the appellees asserted they need only show that the appellant was replaced by a black man, and disagreed that they had a burden to produce evidence that there were no others similarly-situated and treated more favorably. The appellees addressed the similarly-situated prong, but stated that the initial burden of showing disparate treatment of similarly-situated workers rests on the appellant. This misstates the appellant's burden under Civ.R. 56. A party plaintiff need not come forward with evidence to show a prima facie case until the movant has satisfied his initial burden set out in Dresher. In this case, the appellees offered evidence attempting to explain the complicated manner by which the appellees arrive at salary rates, but did not demonstrate its application to the appellant or anyone else. The appellees also did not show how the appellant's employment circumstances are unique from other supervisors. By not addressing specifics, the appellees failed to demonstrate that there are no similarly-situated workers treated more favorably. Therefore the appellees have failed to meet their initial burden of producing evidence which would demonstrate that there is no issue of material fact upon which the appellant can prevail. Accordingly, the trial court erred when it granted summary judgment, and the appellant's first two assignments of error are sustained.
 II. Assignment of Error Number Three {¶ 17} "THE TRIAL COURT ABUSED ITS DISCRETION IN NOT GRANTING PLAINTIFF'S MOTION, PURSUANT TO RULE 56(F) OF THE OHIO RULES OF CIVIL PROCEDURE, FOR ADDITIONAL DISCOVERY WHICH WAS NEEDED, NOT ONLY TO RESPOND TO SUMMARY JUDGMENT, BUT TO PROVE PLAINTIFF'S CASE AS TRIAL."
{¶ 18} Our disposition of the appellant's first and second assignments of error renders this assignment of error moot. See App.R. 12(A)(1)(c).
 III.
{¶ 19} The appellant's first two assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed.
WHITMORE, J., BATCHELDER, J. CONCUR.